# THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

ENVIRONMENTAL LAW AND POLICY CENTER
35 East Wacker Drive, Suite 1600
Chicago, IL 60601

MICHAEL S. FERNER

SUSAN M. MATZ

     Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
William Jefferson Clinton Building
1200 Pennsylvania Avenue, N.W.
Mail Code: 1101A
Washington, D.C. 20460

SCOTT PRUITT, in his official capacity as Administrator of the United States Environmental Protection Agency
William Jefferson Clinton Building
1200 Pennsylvania Avenue, N.W.
Mail Code: 1101A
Washington, D.C. 20460

Case No. 3:17 cv 1032

Judge JUDGE JAMES G. CARR

MAG. JUDGE JAMES R. KNEPP II

1

ROBERT KAPLAN, in his official capacity as
Acting Regional Administrator of United States
Environmental Protection Agency, Region 5,
77 West Jackson Boulevard
Mail Code: R-19J
Chicago, Illinois 60604-3507

                          Defendants.        /

2

Case: 3:17-cv-01032-JGC Doc #: 1 Filed: 05/17/17 2 of 12. PageID #: 2

# THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Environmental Law & Policy Center ("ELPC"), Michael Ferner, and Susan Matz, who bring this action on behalf of themselves and ELPC's members, allege the following:

## NATURE OF THE ACTION

1. Plaintiffs initiate this action against Defendants U.S. Environmental Protection Agency, Administrator Scott Pruitt, and Acting Regional Administrator Robert Kaplan (collectively, "U.S. EPA") for their failure to perform their nondiscretionary duty under the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*, to approve or disapprove the list of impaired waters ("303(d) List") submitted to U.S. EPA by the Ohio Environmental Protection Agency ("Ohio EPA") on October 20, 2016, within 30 days after the submission of the list.

2. For years Lake Erie has been, and continues to be, plagued by phosphorus pollution that decreases the lake's water quality, leading to adverse conditions that make Lake Erie unsafe for drinking water and recreation, among other uses. One of these adverse conditions from which Lake Erie has suffered and can continue to suffer is the growth of algal blooms, including toxic algal blooms.

3. In one instance in August 2014, a toxic algal bloom caused by excessive phosphorus enveloped Toledo's drinking water intake. Public officials warned approximately 500,000 people in the Toledo area not to consume the affected tap water for three days due to this toxic contamination. Citizens in Toledo and elsewhere in the western Lake Erie watershed

3

are now paying increased costs to water utilities for water quality monitoring and testing and treatment systems for toxins from algae blooms caused by phosphorus pollution, and will continue to do so in the future.

4. Establishing a cap on the amount of phosphorus pollution that enters Lake Erie, however, could restore the lake's water quality and reduce the threat posed by the lake's adverse conditions. Pursuant to CWA § 303(d)(1)(C), 33 U.S.C. § 1313(d)(1)(C), Ohio EPA can establish such a cap by creating a "Total Maximum Daily Load" ("TMDL") for phosphorus pollution in Lake Erie. The precursor for developing a TMDL is the listing of a water body to be addressed by a TMDL as impaired by pollution under CWA § 303(d)(1)(A). Ohio EPA's 303(d) List does not designate the open waters of the western basin of Lake Erie as impaired by phosphorus pollution.

5. Although Ohio EPA is responsible for preparing the 303(d) List, 33 U.S.C. § 1313(d)(2) requires U.S. EPA to approve or disapprove this list, and its disapproval of the omission of a waterbody from a 303(d) List would cause that waterbody to be added to the 303(d) List. It is therefore within U.S. EPA's control to trigger the process that leads to the development of a phosphorus TMDL for the western Lake Erie basin, which would cap the amount of pollution loaded into the waterbody. A phosphorus loading cap would potentially restore water quality and decrease the threat posed by algae blooms, especially toxic algae blooms, in Lake Erie.

6. CWA § 303(d)(2), 33 U.S.C. § 1313(d)(2) requires U.S. EPA to approve or disapprove a state's 303(d) List within 30 days after the state's submission of its list to U.S. EPA. On October 20, 2016, Ohio EPA submitted its 303(d) List to U.S. EPA, triggering a

2

November 19, 2016 deadline by which U.S. EPA needed to approve or disapprove the list. However, U.S. EPA failed to meet this deadline and still has not approved or disapproved Ohio's 303(d) list.

7. By failing to comply with the CWA requirement that it approve or disapprove the 303(d) List by 30 days after its submission, U.S. EPA extended and continues to extend the amount of time before a decision that might trigger the restoration of Lake Erie's water quality through the establishment of a TMDL, which could abate the harms caused by excessive phosphorus pollution into Lake Erie's waters.

8. U.S. EPA's ongoing failure to approve or disapprove Ohio EPA's 303(d) List has harmed and continues to harm ELPC members in their use and enjoyment of Lake Erie.

9. Among other forms of relief, Plaintiffs seek (a) a declaratory judgment that U.S. EPA has failed to perform its nondiscretionary duty under CWA § 303(d), 33 U.S.C. § 1313(d) to approve or disapprove Ohio EPA's 303(d) List within 30 days after the date of submission of the list to U.S. EPA and (b) an injunction compelling U.S. EPA to promptly approve or disapprove Ohio EPA's 303(d) List.

## JURISDICTION AND VENUE

10. Pursuant to 33 U.S.C. § 1365(b), on January 9, 2017, ELPC notified U.S. EPA of its intent to sue for the agency's failure to comply with its nondiscretionary duty under CWA § 303(d), 33 U.S.C. § 1313(d), to approve or disapprove Ohio EPA's 303(d) List within 30 days after Ohio EPA's submission of the list on October 20, 2016. A copy of this notice is incorporated herein by reference and attached hereto as Exhibit A. ELPC submitted its notice of intent to sue more than 60 days ago, and U.S. EPA's failure to approve or disapprove the 303(d)

3

List is ongoing.

11. Ohio EPA's ongoing failure to perform its mandatory duty to approve or disapprove the 303(d) List creates a continuing controversy that is actual and substantial.

12. Plaintiffs bring this action under 33 U.S.C. § 1365(a) for U.S. EPA's failure to perform a nondiscretionary duty under the CWA. 33 U.S.C. § 1365(a) provides this court with jurisdiction to hear this controversy. This court also has jurisdiction pursuant to: (1) 28 U.S.C. § 1331 because this is a civil action arising under laws of the United States; or (2) 28 U.S.C. § 1361 because this is an action compelling an officer, employee, or agency of the United States to perform a duty.

13. A substantial part of the events or omissions giving rise to the claim occurred on or near Lake Erie, which is located in this district, making venue proper under 28 U.S.C. § 1391(e). Alternatively, venue is proper in this district because Plaintiffs Michael Ferner and Susan Matz are residents of this district.

## PARTIES

14. Plaintiff ELPC is a Midwest based not-for-profit corporation and legal advocacy organization concerned with improving environmental quality and protecting Midwestern natural resources. It works with concerned citizens and organizations throughout the Midwest, including Ohio, to address issues that affect water quality. ELPC members live and recreate near Lake Erie. Members depend on clean water from Lake Erie as a source of drinking water and of recreational activities including swimming, fishing, paddling, boating, nature study and aesthetic enjoyment.

15. Plaintiff Michael Ferner is a member of ELPC and a resident of Toledo, Ohio.

4

Mr. Ferner serves as a coordinator for Advocates for a Clean Lake Erie ("ACLE"), a grassroots environmental organization founded after a toxic algae bloom poisoned the drinking water for Toledo's more than 400,000 residents in August 2014. ACLE's mission includes working to get an impaired watershed designation for the Western Lake Erie basin, followed by a thorough cleanup, with a goal of keeping Lake Erie drinkable, fishable and swimmable.

16. Plaintiff Susan Matz is a member of ELPC and a resident of Toledo, Ohio. She serves as a coordinator for ACLE.

17. Defendant U.S. EPA is an agency within the United States government that is responsible for implementing the CWA and approving or disapproving each state's 303(d) List.

18. Defendant Scott Pruitt is the Administrator of U.S. EPA and is being sued in his official capacity. The U.S. EPA Administrator is responsible for overseeing the agency, which in part includes overseeing its implementation of the CWA. This level of oversight extends to U.S. EPA's decisions about whether to approve or disapprove states' 303(d) Lists, which includes the October 20, 2016 list submitted by Ohio EPA.

19. Defendant Robert Kaplan is the Acting Regional Administrator of U.S. EPA Region 5 and is being sued in his official capacity. He is responsible for overseeing Region 5 of the agency, which in part includes overseeing the region's implementation of the CWA. The State of Ohio falls within the jurisdiction of Region 5. Mr. Kaplan's level of oversight extends to decisions about whether to approve or disapprove states' 303(d) Lists within the jurisdiction of Region 5, which includes the October 20, 2016 303(d) List submitted by Ohio EPA.

## STANDING

20. ELPC files this action on behalf of itself and its members, including Plaintiffs

Michael Ferner and Susan Matz.

21. One or more of ELPC's members have standing in this action because they reside or have a residence in Ohio near land or waters adversely affected by pollution in Lake Erie.

22. One or more of ELPC's members have standing in this action because they use or enjoy land or waters in and around Lake Erie as a source of drinking water and of recreational activities. On a regular, ongoing basis now and in the future, including this year, one or more of ELPC's members intends to continue to use or enjoy land or waters in and around Lake Erie as a source of drinking water and of recreational activities to the extent that the lake's conditions allow for them to do so. These members' use and enjoyment of the land and waters in and around Lake Erie is adversely affected by phosphorus pollution that leads to algae blooms, including toxic algae blooms, in the western Lake Erie basin.

23. One or more of ELPC's members also have standing because they pay, and will continue to pay, costs for ongoing monitoring and testing of the waters of the western Lake Erie basin for algae blooms and toxins produced by such algae blooms, as well as for treatment of such toxins in drinking water.

24. Michael Ferner and Susan Matz are residents of Toledo who rely on Lake Erie for drinking water and who use and enjoy the waters and land in and around Lake Erie, and who will continue to do so in the future.

25. These interests in the use or enjoyment of land or waters adversely affected by pollution in Lake Erie as a source of drinking water and of recreational activities fall within the zone of interests protected under the CWA. These interests are also germane to ELPC's purpose as an organization concerned with improving environmental quality and protecting Midwestern

6

natural resources.

26. U.S. EPA's failure to comply with the CWA requirement that it approve or disapprove the 303(d) List within 30 days after the date of Ohio EPA's submission of the list has, is, or will aggrieve or adversely affect one or more of ELPC's members because this inaction prolongs the amount of time before a decision that may trigger the development of a TMDL, which could lead to the restoration of water quality in Lake Erie.

27. The declaratory judgment and injunction sought by Plaintiffs will redress the injuries incurred by ELPC and its members, including Michael Ferner and Susan Matz. A decision on the 303(d) List could trigger the restoration of Lake Erie's water quality through the establishment of a TMDL that would cap the amount of phosphorus pollution into Lake Erie and as a result decrease the threat of adverse conditions that have injured, are injuring, or may injure ELPC and one or more of its members.

## STATEMENT OF THE CASE

### Statutory and Regulatory Background

28. The Clean Water Act serves "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." CWA § 101(a), 33 U.S.C. § 1251(a).

29. Under CWA § 303(d)(1)(A), 33 U.S.C. § 1313(d)(1)(A), states must identify the waters "within [their] boundaries for which the effluent limitations... are not stringent enough to implement any water quality standard applicable to such waters."

30. Regulations promulgated under the CWA require States to submit a comprehensive 303(d) List to U.S. EPA for its approval every two years. 40 C.F.R. § 130.7(d)(1).

7

31. USEPA is required to approve or disapprove states' proposed 303(d) Lists before they may go into effect. 33 U.S.C.S. § 1313(d)(2).

32. The CWA places a nondiscretionary duty on U.S. EPA to make this determination within 30 days after the submission of this list. 33 U.S.C. § 1313(d)(2); 40 C.F.R § 130.7(d)(2).

33. After a 303(d) List has been approved, states must establish TMDLs for waters included on the list. 33 U.S.C § 1313(d)(1)(c). As a part of the TMDL process, states must establish pollutant limits to ensure that waters on a 303(d) List can meet all applicable water quality standards. 33 U.S.C § 1313(d)(1)(c).

## Factual Background

34. Pollutants, including nitrogen and phosphorus, are regularly added to the western basin of Lake Erie via the Maumee River and other channels. Nitrogen and phosphorus, otherwise known as "nutrient pollutants," create adverse conditions, in part by promoting the growth of algae in the form of algal blooms, which often produce toxins and endanger human health and aquatic life. These adverse conditions can make the water of Lake Erie an unsafe and unattractive source for drinking water and for recreational activities.

35. On October 20, 2016, Ohio EPA submitted the State of Ohio's 2016 Integrated Water Quality Monitoring and Assessment Report ("Report") to U.S. EPA. The Report purports to satisfy the listing requirements of CWA § 303(d)(1)(A), 33 U.S.C. § 1313(d)(1)(A).

36. The Report includes a 303(d) List that identifies portions of Lake Erie from which Toledo draws its drinking water, as well as areas around islands in the lake and miles of the lake's shoreline, as impaired by phosphorus pollution. The open waters of the western basin of Lake Erie are not identified as impaired on the 303(d) List.

37. U.S. EPA has neither approved nor disapproved Ohio EPA's 303(d) List.

## GROUNDS FOR RELIEF SOUGHT

38. Plaintiffs re-allege and incorporate by reference all the allegations set forth above.

39. U.S. EPA is in violation of the CWA because it failed to perform its nondiscretionary duty to approve or disapprove Ohio EPA's 303(d) List within 30 days after the date of submission, contrary to CWA § 302(d)(2), 33 U.S.C § 1313(d)(2), and 40 C.F.R. § 130.7(d)(2).

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

A. A declaratory judgment stating that U.S. EPA violated its nondiscretionary duty under the Clean Water Act, CWA § 303(d)(2), 33 U.S.C § 1313(d)(2), and 40 C.F.R. § 130.7(d)(2) by failing to approve or disapprove Ohio EPA's 303(d) List within 30 days after its submission;

B. An injunction compelling U.S. EPA to promptly approve or disapprove Ohio EPA's 303(d) List;

C. An order retaining jurisdiction until U.S. EPA complies with the injunction entered by this court;

D. An award totaling the amount expended by ELPC in costs and attorney fees for bringing this action pursuant to the Clean Water Act, CWA § 505(d), 33 U.S.C. § 1365(d); and

E. Such other relief as this Court deems just and proper.

Respectfully submitted,

9

_/s/ Madeline Fleisher_

Madeline Fleisher
21 W. Broad St., 8th Floor
Columbus, OH 43215
(857) 636-0371
Fax: (312) 795-3730
mfleisher@elpc.org

10